## In the Matter of Frederick A. ZIRKLE, Petitioner.

### No. 45S00–0812–DI–631.

Supreme Court of Indiana.

July 14, 2016.

Order Denying Reinstatement to the Practice of Law

LORETTA H. RUSH, Chief Justice.

This Court suspended Petitioner from the practice of law in this state for a period of not less than two years without automatic reinstatement, effective October 1, 2009. Petitioner filed a petition for reinstatement on October 7, 2013. Following proceedings before a hearing officer, on May 13, 2016, the Indiana Supreme Court Disciplinary Commission, pursuant to Indiana Admission and Discipline Rule 23(18)(b), filed its recommendation that Petitioner not be reinstated to the practice of law in this State. On June 13, 2016, Petitioner filed a pleading seeking review of the Commission's recommendation. *See* Admis. Disc. R. 23(18)(a).

A petition for reinstatement may be granted only if the petitioner proves to the Commission by clear and convincing evidence that:

(1) The petitioner desires in good faith to obtain restoration of his or her privilege to practice law;

(2) The petitioner has not practiced law in this State or attempted to do so since he or she was disciplined;

(3) The petitioner has complied fully with the terms of the order for discipline;

(4) The petitioner's attitude towards the misconduct for which he or she was disciplined is one of genuine remorse;

(5) The petitioner's conduct since the discipline was imposed has been exemplary and above reproach;

(6) The petitioner has a proper understanding of and attitude towards the standards that are imposed upon members of the bar and will conduct himself or herself in conformity with such standards;

(7) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence, and in general to aid in the administration of justice as a member of the bar and an officer of the Courts;

(8) The disability has been removed, if the discipline was imposed by reason of physical or mental illness or infirmity, or for use of or addiction to intoxicants or drugs; and

(9) The petitioner has taken the Multistate Professional Responsibility Examination (MPRE) within six (6) months before or after the date the petition for reinstatement is filed and passed with a scaled score of eighty (80) or above.

Admis. Disc. R. 23(4)(b).

The hearing officer appointed in this case made findings of fact, concluded that Petitioner had not met his burden of proof with respect to requirements (1) through (8), and recommended that his petition for reinstatement be denied. The Commission unanimously adopted the hearing officer's recommendation.

The Court, being duly advised, finds that the recommendations of the Commission and its hearing officer should be accepted. The Court therefore DENIES the petition for reinstatement. Petitioner shall pay any costs owing under Admission and Discipline Rule 23(18)(d).

All Justices concur.